UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------

EFREN CARRASCO,

                          Plaintiff,

   -against-

ACROPOL REST. CORP. d/b/a RITZ DINER,
and DIMITRIOS SARANTOPOULOS,
GEORGE KALOGERAKOS, and SAMMY
DOE, individually

                         Defendants.

COMPLAINT

FLSA COLLECTIVE ACTION

ECF CASE

Plaintiff Efren Carrasco ("Carrasco" or "Plaintiff") on behalf of himself and all other similarly situated employees, by and through his attorney, The Law Offices of Jacob Aronauer, complaining of Acropol Rest. Corp. d/b/a Ritz Diner ("Ritz Diner") and Dimitrios Sarantopoulous, George Kalogerakos, and Sammy Doe, individually (collectively the "Defendants"), alleges the following:

## PRELIMINARY STATEMENT

1. This is a civil action brought by Plaintiff and all other similarly situated employees to recover unpaid minimum wages and unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff and the collective class work or have worked as bussers and waiters at the Ritz Diner, located in New York, New York owned by Dimitrios Sarantopoulous ("Sarantopoulous") and George Kalogerakos ("Kalogerakos") and managed by Sammy Doe ("Sammy Doe").

2. Plaintiff brings this action on behalf of himself and all similarly-situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA that occurred at the Ritz Diner.

3. Plaintiff and the FLSA collective also bring this action under the Wage Theft Protection Act for Defendants' failure to provide written notice of wage rates in violation of said laws.

4. Plaintiff and the FLSA collective class seek injunctive and declaratory relief against Defendants for their unlawful actions, compensation for their failure to pay overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

6. This Court has supplemental jurisdiction over the New York State Law claims under the principles of pendent and ancillary jurisdiction.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein within the Southern District of New York.

## PARTIES

**Plaintiff Efren Carrasco**

8. Plaintiff Efren Carrasco is and was at all times relevant hereto an individual residing in Corona, New York.

9. From on or about June 2014 through August 20, 2018 Carrasco worked as a busser at the Ritz Diner located at 1133 1st Ave, New York, NY, 10021.

10. Carrasco is a covered employee within the meaning of the FLSA and the NYLL.

**Defendant Dimitrios Sarantopoulos**

11. Upon information and belief, Sarantopoulos owns and maintains control, oversight and the direction of the Ritz Diner.

12. Defendant Sarantopoulos is a person engaged in business in New York County, who is sued individually in his capacity as an owner, officer and/or agent of the Ritz Diner. Defendant Sarantopoulos exercises sufficient control over the Ritz Diner to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at the Ritz Diner.

13. Defendant Sarantopoulos has employed Plaintiff and similarly situated employees at all times relevant.

14. Defendant Sarantopoulos has substantial control over Plaintiff and similarly situated employees' working conditions and practices alleged herein.

**Defendant George Kalogerakos**

15. Upon information and belief, Defendant Kalogerakos owns and maintains control, oversight and the direction of the Ritz Diner.

16. Defendant Kalogerakos is a person engaged in business in New York County, who is sued individually in his capacity as an owner, officer and/or agent of the Ritz Diner. Defendant Kalogerakos exercises sufficient control over the Ritz Diner to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at the Ritz Diner.

17. Defendant Kalogerakos has employed Plaintiff and similarly situated employees at all times relevant.

18. Defendant Kalogerakos has substantial control over Plaintiff and similarly situated employees' working conditions and practices alleged herein.

**Defendant Sammy Doe**

19. Upon information and belief, Defendant Sammy Doe owns and maintains control, oversight and the direction of the Ritz Diner.

20. Defendant Sammy Doe is a person engaged in business in New York County, who is sued individually in his capacity as an owner, officer and/or agent of the Ritz Diner. Defendant Sammy Doe exercises sufficient control over the Ritz Diner to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at the Ritz Diner.

21. Defendant Sammy Doe has employed Plaintiff and similarly situated employees at all times relevant.

22. Defendant Sammy Doe has substantial control over Plaintiff and similarly situated employees' working conditions and practices alleged herein.

**Defendant Acropol Rest. Corp.**

23. Acropol Rest. Corp. is a domestic business corporation doing business as the Ritz Diner, having its principal place of business located at 1133 1st Ave., New York, NY, 10021.

24. On information and belief, George Kalogerakos is the Chief Executive Officer of Acropol Rest. Corp.

25. On information and belief, Dimitrios Sarantopoulos is also an owner and/or officer of Acropol Rest. Corp.

26. On information and belief, Sammy Doe is the manager of the Ritz Diner located at 1133 1st Ave., New York, NY, 10021.

27. At all times relevant to this action, the Ritz Diner was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

28. On information and belief, the Ritz Diner has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

## COLLECTIVE ACTION ALLEGATIONS

29. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and other similarly situated persons who are current and former employees of the Ritz Diner since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

30. The FLSA Collective consists of approximately five (5) similarly situated current and former bussers and waiters at the Ritz Diner who have been victims of Defendants'

common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

31. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy includes, *inter alia*, the following:

    i. failing to pay employees the applicable minimum wage rate for all time worked up to forty (40) hours per week;

    ii. failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week; and

    iii. failing to furnish employees with wage notices as required by the NYLL.

32. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

33. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

34. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

35. Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any

workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

36. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and anything otherwise required by law.

## FACTS

### Plaintiff Carrasco's Employment at the Ritz Diner

37. From on or about June 2014 through August 20, 2018, Defendants employed Plaintiff, without interruption, as a busser.

38. Throughout Plaintiff's employment with Defendants, Plaintiff worked at the Ritz Diner located at 1133 1st Ave., New York, NY, 10021.

39. Throughout Plaintiff's employment with Defendants, Plaintiff was scheduled to work more than forty hours per week.

40. Plaintiff was not properly paid overtime for his hours worked in excess of forty hours per week during his entire employment with Defendants.

41. Throughout his employment, Plaintiff was paid in cash. Defendants never provided him him any documentation with respect to his hours or pay.

42. Throughout his employment with Defendants, Plaintiff was never paid the minimum wage for his regular hours worked, or at the appropriate overtime wage for his overtime hours worked, as was required under the NYLL and FLSA.

7

43. Defendants did not satisfy the requirements under the NYLL that would allow them to pay a reduced minimum wage and take a "tip credit."

44. Plaintiff was never provided any documentation by Defendants that his salary was going to be reduced because he was going to receive tips. Nor did Defendants ever state to Plaintiff orally that his salary was going to be reduced because he was going to receive tips.

45. Plaintiff never received any documentation from Defendants setting forth the tips he received, the amount of tip credit taken by Defendants, or the tipped minimum wage received by Plaintiff.

46. On information and belief, Defendants did not oversee or record tips received by Plaintiff.

**Plaintiff's Work Schedule and Salary**

47. Throughout Plaintiff's employment with Defendants, he worked six (6) days per week. Each week, Plaintiff worked Monday, Wednesday, Thursday, Friday, Saturday, and Sunday.

48. Throughout Plaintiff's employment with Defendants, Plaintiff worked from about 6:00 a.m. until about 3:30 pm. each day.

49. Plaintiff did not receive any meal breaks throughout his employment with Defendants.

50. Plaintiff worked, on average, 57 hours per week throughout his entire employment with Defendants.

51. Throughout Plaintiff's employment with Defendants, he was paid a flat rate of $216 per week in cash.

52. On or around 2017, Plaintiff asked Sammy Doe why he was not being paid properly for overtime. Sammy Doe responded by telling him that Defendants couldn't afford to pay him more, and that if he wanted to earn more money, he should quit and find another job.

53. Although Plaintiff was required to sign a time sheet each week in order to be paid, he never clocked in or out for himself. Instead, Sammy Doe punched in and out on behalf of Plaintiff.

54. Sammy Doe, however, failed to accurately record Plaintiff's hours. He often punched in for Plaintiff after Plaintiff started working, and punched out for Plaintiff before Plaintiff stopped working.

55. Shortly after Plaintiff began working for Defendants, he asked Sammy Doe why his hours were not accurately recorded on his punch cards. Sammy Doe responded by telling Plaintiff that if he refused to sign his punch cards, he would not be paid.

56. In addition to falsifying Plaintiff's time records, Sammy Doe also regularly made racist and discriminatory comments to Plaintiff.

57. Sammy Doe (who is Greek) would frequently complain about and speak disparagingly about "the Mexicans," and state that Greeks were better than Mexicans. Sammy Doe also referred to Hispanic people as "donkeys."

**Defendants' Previous Wage and Hour Lawsuit**

58. On September 30, 2014, The United States Department of Labor filed a complaint against Defendants for wage and hour violations at each of their three restaurants, including the Ritz Diner.

59. The individual owners listed for the Ritz Diner in the prior lawsuit are current Defendants Dimitrios Sarantopoulos and George Kalogerakos, respectfully.

60. Defendants were charged with failing to pay their employees the minimum wage; failing to pay their employees time and one half for their overtime hours worked; and for notice violations.

61. Shortly thereafter, the parties entered into a consent judgment. Specifically, on October 1, 2014, the US Department of Labor and the Ritz Diner agreed that the Ritz Diner would pay $80,793 in liquidated damages and $14,486.00 in civil money penalties for minimum wage and overtime violations.

62. Despite entering into this consent judgment, Defendants continue to fail to pay their employees in compliance with the FLSA and NYLL.

**Defendants' Violations of the Wage Theft Protection Act**

63. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

64. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

65. Plaintiff was never provided with and never signed a wage notice acknowledging the tip credit deducted from her wages.

66. Upon information and belief, wage notices were never given to or signed by any other employee at the Ritz Diner.

### FIRST CAUSE OF ACTION
### FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq*.

67. Plaintiff, on behalf of himself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

68. Throughout the relevant time period, Plaintiff and the FLSA Collective worked in excess of forty (40) hours per workweek.

69. At all relevant times throughout his employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA Collective one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff and the FLSA Collective were entitled to receive overtime payments.

70. At all relevant times throughout Plaintiff and the FLSA Collective's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times his regular hourly rate for hours worked in excess of forty (40) hours per workweek.

71. Defendants' decision not to pay overtime was willful.

72. Plaintiff and the FLSA Collective seek damages in the amount of his unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### Unpaid Overtime Wages Under New York Labor Law

73. Plaintiff, on behalf of himself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

74. At all times relevant to this action, Plaintiff and the FLSA Collective were employed by Defendants within the meaning of NYLL § 652 and 12 NYCRR §142-2.2.

75. Defendants failed to pay Plaintiff and the FLSA Collective the overtime premium of one and one-half (1.5) times the regular hourly rate of pay, in violation of the NYLL.

76. Defendants' failure to pay required overtime was willful.

77. As a result of Defendants' NYLL violations, Plaintiff and the FLSA Collective are entitled to recover from Defendants unpaid overtime wages and liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NYLL.

## THIRD CAUSE OF ACTION
### New York Labor Law—Failure to Pay Minimum Wage

78. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

79. Defendants were required to pay Plaintiff the full minimum wage at a rate of: (a) $8.00 per hour for all hours worked from June 2014 through December 31, 2014; (b) $8.75 per hour for all hours worked from December 31, 2014 through December 30, 2015; (c) $9.00 per hour for all hours worked from December 31, 2015 through December 30, 2016; (d) $9.70 per hour for all hours worked from December 31, 2016 through December 30, 2017; (e) $10.40 for all hours worked from December 31, 2017 to the

present under the NYLL 650 et seq. and the supporting New York State Department of Labor Regulations.

80. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

81. At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

82. At all times relevant, Plaintiff was covered by the NYLL.

83. The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

84. Defendants failed to pay Plaintiff the minimum hourly wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

85. Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

86. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**Fair Labor Standards Act-Minimum Wages**

87. Plaintiff, on behalf of himself and the FLSA collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

88. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

89. At all times relevant, Plaintiff and the FLSA collective were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*, and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. § 203. At all relevant times, each Defendant has employed "employee[s]," including Plaintiff.

90. Defendants were required to pay directly to Plaintiff and the FLSA collective the applicable federal minimum wage rate for all hours worked.

91. Defendants failed to pay Plaintiff and the FLSA collective the minimum wages to which they are entitled under the FLSA.

92. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA collective.

93. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 28 U.S.C. 201 *et. seq*.

94. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. 201 et seq.

## FIFTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices

95. Plaintiff, on behalf of himself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

96. Defendants willfully failed to supply Plaintiff and the FLSA Collective with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff in his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

97. Through their knowing or intentional failure to provide Plaintiff and the FLSA Collective with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

98. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the FLSA Collective are entitled to statutory penalties of fifty dollars per each work week before December 29, 2014 and fifty dollars per work day after December 29, 2014 that Defendants failed to provide Plaintiff and the FLSA Collective with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

## SIXTH CAUSE OF ACTION
## New York Labor Law-Failure to Provide Wage Statements
## (Brought on behalf of Plaintiff)

99. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

100. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

101. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

102. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of one hundred dollars for each workweek before December 29, 2014 and two hundred fifty dollars for each workday after December 29, 2014 that Defendants failed to provide Plaintiff and the FLSA Collective with accurate wage statements, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against the Defendants, Acropol Rest. Corp. d/b/a the Ritz Diner, and Dimitrios Sarantopoulos, George Kalogerakos, and Sammy Doe, jointly and severally, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for the unpaid minimum wages and overtime pay due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA;

(c) Damages for the unpaid minimum wages and overtime pay due to Plaintiff, along with liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

(d) Penalties of fifty dollars for each work week before December 29, 2014 and fifty dollars for each work day after December 29, 2014 that Defendants failed to provide Plaintiff and the FLSA Collective with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(e) Penalties of one hundred dollars for each work week before December 29, 2014 and two hundred fifty dollars for each work day after December 29, 2014 that Defendants failed to provide Plaintiff and the FLSA Collective with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

(f) Awarding damages as a result of Defendants' failure to furnish a notice at the time of hiring pursuant to NYLL;

(g) For pre-judgment and post-judgment interest on the foregoing amounts;

(h) For his costs and disbursements of this action, including attorneys' fees and expenses; and

(i) For such other further and different relief as this Court deems just and proper.

Dated: August 29, 2018
New York, New York

>Respectfully submitted,
>
>*/s/ Jacob Aronauer*
>Jacob Aronauer (JA: 9184)
>**THE LAW OFFICES OF JACOB ARONAUER**
>225 Broadway, 3rd floor
>New York, NY 10007
>Telephone:   (212) 323-6980
>Facsimile:    (212) 233-9238
>jaronauer@aronauerlaw.com
>*Attorney for Plaintiff*