```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
EFREN CARRASCO,                                              :
                                                             :
                        Plaintiff,                           :
                                                             :    No. 18-CV-7883 (OTW)
              -against-                                      :
                                                             :    OPINION AND ORDER
ACROPOL REST. CORP., et al.,                                 :
                                                             :
                        Defendants.                          :
                                                             :
                                                             :
-------------------------------------------------------------x
```

**ONA T. WANG, United States Magistrate Judge**:

Plaintiff Efren Carrasco brings this putative collective action under the Fair Labor Standard Act ("FLSA") and the New York Labor Law ("NYLL") against his former employer, "Acropol Rest. Corp." ("Acropol"), and against Acropol's owners and manager (Dimitrios Sarantopoulos, George Kalogerakos, and Sammy Doe). Defendants Acropol, Sarantopoulos, and Kalogerakos are in default, having failed to timely respond to the Plaintiff's complaint. Presently before the Court is Plaintiff's motion for default judgment. Defendants have opposed this motion and request that the Court vacate the defaults entered against them. For the reasons set forth below, Defendants' request to vacate the defaults is **GRANTED** and Plaintiff's motion for default judgment is **DENIED**.

I.   Background

Plaintiff filed his complaint on August 29, 2018, alleging that Defendants failed to pay him and other employees the applicable minimum wage and overtime rates, and further failed to furnish employees with wage notices. (ECF 1). On September 6, 2018, Plaintiff filed affidavits of service as to Sarantopoulos and Kalogerakos. (ECF 5, 6). According to the affidavits of service,

1

both Sarantopoulos and Kalogerakos were served on August 30, 2018 by delivery of the summons and complaint to an individual named "George," aged "51-65," who was described as a "Co-Worker" at Acropol. (*Id.*) On September 18, 2018, Plaintiff filed proof of service as to Acropol. (ECF 7). Acropol, which is a registered corporation, was served by delivery on August 31, 2018, to Nancy Dougherty, an individual authorized by the Secretary of State of New York to receive such service. (*Id.*). The deadlines for the individual Defendants and Acropol to answer or otherwise respond to the complaint were September 20, 2018, and September 21, 2018, respectively. (ECF 5, 6, 7).

As of September 25, 2018, no Defendant had appeared. On that date, Plaintiff requested that the Clerk of the Court enter certificates of default against Sarantopoulos, Kalogerakos, and Acropol, (ECF 8, 9, 10, 11, 12, 13), which the Clerk did on September 26, 2018. (ECF 14, 15, 16). On October 17, 2018, Plaintiff filed for default judgment against the defaulting Defendants. (ECF 17). Plaintiff served the documents filed in support of the motion on Defendants by mail to Acropol on October 18, 2018. (ECF 22).

On October 25, 2018, attorney Michael P. Giampilis appeared on behalf of Sarantopoulos, Kalogerakos, and Acropol.[1] On October 30, 2018, Defendants submitted a letter requesting an extension of time to oppose the default judgment motion, to which Plaintiff consented. (ECF 25). In addition, Defendants stated that "the parties have had initial discussions regarding resolution of this matter and defendants are in the process of gathering time and pay records for the Plaintiff's review." (*Id.*). Judge Nathan granted the requested extension and referred the parties to the undersigned for a settlement conference. (ECF 26,

---

[1] Defendant Sammy Doe, whose last name presumably remains unknown, has not been served.

2

27). This Court held a pre-settlement conference scheduling call on November 27, 2018, during which the parties represented that neither wanted a settlement conference until after Judge Nathan decided the motion for default judgment. That same day, Defendants timely filed their opposition to Plaintiff's motion, in which they requested that the Court vacate the defaults entered against them. (ECF 31–34). Plaintiff filed a reply on December 10, 2018. (ECF 37). On May 15, 2019, the parties consented to have a United States Magistrate Judge conduct all further proceedings and the matter was reassigned to the undersigned. (ECF 41).

**II.      Legal Standard**

Under Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . , the clerk must enter the party's default." After such default is entered, however, "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). When determining whether good cause has been shown by a defendant, a court will balance three factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). A court will also consider "[o]ther relevant equitable factors" including "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Id.* (citing *Sony Corp. v. Elm State Elecs., Inc.,* 800 F.2d 317, 320 (2d Cir.1986)).

As a general matter, the Second Circuit has expressed a "preference for resolving disputes on the merits," rather than on a motion for default judgment. *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (quoting *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir.

2001)). In keeping with this preference, the fact that one factor weighs against vacating the default will not preclude a showing of good cause by the defendant. *See Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 341 (S.D.N.Y. 2013).

**III.    Discussion**

The Court will discuss each of the three factors set out by the Second Circuit in *Enron Oil* in turn.

**A.    Defendants' Default Was Not Willful**

As a preliminary matter, the Court concludes that Defendants' default, though negligent, was not willful. In the context of a default, "willfulness" refers to "conduct that is more than merely negligent or careless, but is instead egregious and . . . not satisfactorily explained." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (internal quotation marks omitted). A finding of bad faith is not a "necessary predicate." *Gucci Am., Inc. v. Gold Ctr. Jewelry*, 158 F.3d 631, 635 (2d Cir. 1998). It is sufficient for the court "to conclude that the defendant defaulted deliberately." *Bricklayers & Allied Craftworkers*, 779 F.3d at 187 (internal quotation marks omitted). If a defendant "does not deny that he received the complaint, the court's orders, . . . or that he never answered the complaint," and "does not contend that his non-compliance was due to circumstances beyond his control," a court can infer willfulness. *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013); *see also S.E.C. v. McNulty*, 137 F.3d 732, 738–39 (2d Cir. 1998) ("[D]efaults have been found willful where, for example, an attorney failed, for unexplained reasons, to respond to a motion for summary judgment, … or failed, for flimsy reasons, to comply with scheduling orders[.]") (internal citations omitted)).

Defendants Sarantopoulus and Kalogerakos argue that they were never properly served with the Complaint, and therefore that they were not willful in failing to answer. They state in sworn affidavits that they "never personally received a copy of the Complaint from anyone," and that there is no one named George—the individual whose name is listed on the affidavits of service—employed at Acropol. (ECF 32, 33 ¶¶ 8–9). They further assert that they first learned about this action in mid-October, when they received a copy of the default judgment motion by mail. (*Id.* ¶ 11). At that time, they contacted Mr. Giampilis, who promptly contacted Plaintiff's counsel. (*Id.* ¶ 12, 14). Mr. Giampilis appeared on Sarantopoulus's, Kalogerakos's, and Acropol's behalf on October 25, 2019, less than two months after the complaint was filed, and one week after the default judgment motion was served on them.

Plaintiff disputes the veracity of Sarantopoulus's and Kalogerakos's assertions with respect to service. Notably, Plaintiff points out that Defendant Kalogerakos's first name is "George," a fact that is not addressed by Defendants. (Pl.'s Reply Mem. of Law, ECF 37 at 4). The affidavits of service contain a physical description of George, which Defendants also do not address. In light of these issues, the Court cannot conclude that service on Sarantopoulus and Kalogerakos was improper. Moreover, Defendants do not challenge that Acropol was served properly, which should have put them on notice of the existence of this action.

Nevertheless, the facts in the record do not meet the high bar to support a finding of deliberate or willful default. First, there no evidence that Defendants actually knew of the lawsuit prior to receiving the motion for default judgment. *Cf. Bricklayers & Allied Craftworkers*, 779 F.3d at 186 (finding egregiousness where "there [was] *no dispute* that [defendant] was aware of the legal action pending against him" yet he "failed to file a responsive pleading for

over nine months after the receipt of the summons and complaint") (emphasis added)). Additionally, it is undisputed that all Defendants retained counsel and entered this lawsuit promptly after receiving the default judgment motion papers, from which point they have been diligently participating in the legal process. This conduct "evidences [an] intent to fulfill [their] obligations as . . . litigant[s]." *Enron Oil Corp.*, 10 F.3d at 98. Finally, if, as here, there are factual disputes bearing on whether there is good cause to vacate a default, "all doubts must be resolved in favor of trial on the merits." *Id.* Therefore, the Court concludes that Defendants' almost two-month delay in appearing, while perhaps "negligent or careless," was not "egregious." *Bricklayers & Allied Craftworkers*, 779 F.3d at 186. Resolving doubts in Defendants' favor, their conduct was not willful, and the first factor therefore weighs in favor of vacating the defaults.

### B. Plaintiff Will Not Be Prejudiced by Setting Aside the Defaults

As to the second factor, the Court finds that Plaintiff will not be prejudiced should the Court vacate the Defendants' defaults. The Second Circuit has made clear that "delay standing alone does not establish prejudice" for purposes of the factors considered in showing good cause. *Enron Oil Corp.*, 10 F.3d at 98. "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (internal quotation marks omitted). Plaintiff presents no argument that he would suffer prejudice should the case proceed to resolution on the merits at this point, nor can the Court identify any from the record before it. In sum, Plaintiff will be in precisely the situation he would have been in had

Defendants timely answered his complaint, albeit with a delay of approximately nine months. Thus, the second factor weighs in favor of vacating the default.

### C. Defendants Have Presented a Meritorious Defense

With respect to the third factor, the Court determines that Defendants have presented a meritorious defense. "A defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (quoting *Anilina Fabrique de Colorants v. Aakash Chemicals and Dyestuffs, Inc.*, 856 F.2d 873, 879 (7th Cir. 1988)). While a defendant must do more than offer "conclusory assertions" or "dispute the amount of damages," *Bricklayers & Allied Craftworkers*, 779 F.3d at 187, the bar for such a showing is not high: "a defendant's allegations are meritorious if they contain 'even a hint of a suggestion' which, if proven at trial, would constitute a complete defense." *Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 339 (S.D.N.Y. 2013) (quoting *Weisel v. Pischel*, 197 F.R.D. 231, 239 (E.D.N.Y.2000)). Thus, "[t]he test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil Corp.*, 10 F.3d at 98.

Defendants assert that they have a meritorious defense in this action because "it is almost a certainty that the Plaintiff's claim is [not] worth" as much as he alleges. (Def.'s Mem. of Law, ECF 34 at 8). In addition, Defendants argue that they "have kept voluminous time and pay records for the Plaintiff," which could be produced during discovery. (*Id.*). A defense that the Plaintiff was properly paid, supported by time and pay records, is a meritorious defense. *See Llolla v. Karen Gardens Apartment Corp.*, No. 12-CV-1356, 2016 WL 233665, at *4 (E.D.N.Y.

Jan. 20, 2016). Thus, the Court finds that Defendants have made an adequate showing that the Court would have some determination to make. *See Am. All. Ins. Co.*, 92 F.3d at 61. The third factor therefore weighs in favor of vacating the default.

### D. Weighing the Factors

The Court concludes that an analysis of the *Enron* factors supports a finding of good cause to vacate the default here. Though Defendants' actions in responding to the Complaint were hardly diligent, they do not constitute a willful default. The Court notes that Defendants have adhered to all deadlines set by the Court since their (admittedly belated) appearance in this case. In addition, Plaintiff have pointed to no prejudice that would result from the setting aside of the default. Lastly, Defendants have presented a meritorious defense to the charges against them. All three factors weigh in favor of vacating the default.

For the reasons set forth above, the Court vacates the Clerk's September 26, 2018 entries of default. Because the defaults are set aside, the Court denies Plaintiff's motion for default judgment as moot. *See Hunt v. City of Auburn*, No. 5:13-CV-1039 (GLS), 2014 WL 6476169, at *3 (N.D.N.Y. Nov. 19, 2014).

### IV. Conclusion

The Court hereby vacates the defaults against Defendants Acropol, Sarantopoulos, and Kalogerakos. Plaintiff's motion for default judgment is denied without prejudice. Defendants shall file an answer to Plaintiff's complaint within 14 days of the date of this Order. The parties shall appear before the Court in Courtroom 20D, 500 Pearl Street, New York, NY 10007 on **July 10, 2019, at 10:30 a.m.** for an Initial Pretrial Conference.  The parties are directed to complete the Report of Rule 26(f) Meeting and Proposed Case Management Plan, available at

http://nysd.uscourts.gov/judge/Wang, and file it via CM/ECF no later than seven days prior to the conference. Counsel who disagree about the dates or other terms of the proposed schedule shall also submit a joint letter briefly explaining the dispute at that time.

The Clerk of Court is respectfully directed to close ECF 17.

**SO ORDERED.**

Dated: May 31, 2019
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge