JC4HCARC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

EFREN CARRASCO,

              Plaintiff,

         v.                                18 Civ. 7883 (OTW)

ACROPOL RESTAURANT CORP., et al.,
                                           Settlement
              Defendants.

------------------------------x
                                           New York, N.Y.
                                           December 4, 2019
                                           12:30 p.m.
Before:

                    HON. ONA T. WANG,

                                               Magistrate Judge

                         APPEARANCES

JACOB ARONAUER
     Attorney for Plaintiff

MICHAEL P. GIAMPILIS
     Attorney for Defendants
```

1           (Case Called)

2           MR. ARONAUER:  Jacob Aronauer, for the plaintiff, your

3  Honor.

4           THE COURT:  OK.

5           MR. GIAMPILIS:  For defendants, Michael Giampilis.

6           THE COURT:  We're here to put a FLSA settlement on the

7  record.  So, Mr. Aronauer and Mr. Giampilis, could you please

8  identify everybody else that is here.

9           MR. ARONAUER:  To my right is Katherine Filgate, who

10 is a paralegal at my office and is fluent in Spanish and

11 English, and to her right is the plaintiff, Efren Carrasco.

12          THE COURT:  OK.  Thank you.

13          MR. GIAMPILIS:  And for defendants, I have here to my

14 right, Mr. George Kalogerakos, named defendant, and another

15 named defendant, Dimitrios Sarantopoulos.

16          THE COURT:  Thank you.

17          I'm going to ask everybody to make sure that they

18 speak clearly and slowly so that Ms. Filgate can translate for

19 Mr. Carrasco.

20          We are here on the record in the case of Carrasco v.

21 Acropol Restaurant Corp., 18 Civ. 7883, to record the parties'

22 agreement which they have just reached with the Court's

23 assistance.  I ask counsel to pay careful attention and for

24 Ms. Filgate to interpret for her client.  Counsel, please stop

25 me at any time if there is anything that needs to get

JC4HCARC

clarified, either on or off the record, and we will clarify it immediately, because at the end of this proceeding, I will be asking counsel and their clients to confirm that the record reflects the settlement agreement they have reached.  The parties agree to amicably resolve this dispute without any admission of fault or liability by the defendants on the following terms, and what I have done before we went on the record was that I asked counsel to work out with each other how they're going to put the terms of the settlement on the record. After that is done, I'm going to ask counsel whether this constitutes all of the material terms of the parties' agreement. OK?  All right.  So go ahead.

         MR. ARONAUER:  Your Honor, this is plaintiff. Obviously, defense counsel, if anything I'm saying you don't think is accurate, immediately, with the Court blessing, jump in.

         So the total settlement is $48,000.  The first payment will be due 60 days from today.  That payment will be $8,000 written out to plaintiff's attorney as counsel.  With respect to the first payment, plaintiff's counsel will be reimbursed for expenses, which are $500.  So plaintiff's counsel will receive $3,000 and plaintiff will receive $5,000.  After that, every 30 days for the next 25 months, defendants will write a check for $1,600 to, again, plaintiff's counsel.

         With respect to that $1,600, each month it will be

1  divided as follows:  Plaintiff will receive $1,066.55, and
2  plaintiff's counsel will receive $533.34.  In the event that
3  defendants fail to make payment, there will be a ten-day grace
4  period after an email from plaintiff's counsel to defendants'
5  counsel.  At that point there will be ten days for defendants
6  to cure the defect.  If they don't cure, plaintiff is
7  permitted -- plaintiff's counsel will receive reasonable
8  attorney's fees for the enforcement of the settlement
9  agreement.
10           Plaintiff and plaintiff's counsel agree not to post
11 the settlement on social media, including but not limited to
12 Facebook, Instagram, or Twitter.  Plaintiff agrees that he will
13 not initiate conversations about the settlement to current or
14 former employees of the Ritz Diner.  The parties agree that
15 they will file a stipulation of discontinuance with prejudice
16 within seven days from today.  The parties also agree that
17 Judge Wang will retain jurisdiction.  In the event that Judge
18 Wang is not available, it will be referred to -- Southern
19 District will still retain jurisdiction.
20           Plaintiff agrees to release all claims against the
21 defendants under the Fair Labor Standards Act as well as New
22 York Labor Law.  Plaintiff also is not aware of any other
23 claims he may have against defendants.
24           Just one second, your Honor.
25           Plaintiff also agrees that he is responsible to pay

1    all taxes with respect to the settlement agreement.

2             Go ahead.

3             MR. GIAMPILIS:  Just for clarification and bookkeeping

4    purposes, with respect to payments, you agree to 60 days from

5    today, but again, for bookkeeping purposes, can we make every

6    payment due on the 7th of the month, so the first payment would

7    be due February 7th and then every payment thereafter will be

8    due on the 7th of the subsequent month?  Is that acceptable?

9             MR. ARONAUER:  Yes.

10            MR. GIAMPILIS:  Thank you.

11            THE COURT:  All right.  Thank you.

12            Is there anything else you wanted to add,

13   Mr. Aronauer?

14            MR. ARONAUER:  Just would like to thank the Court for

15   its patience working with the parties to resolve the agreement.

16            THE COURT:  All right.  Mr. Giampilis, are there any

17   other material terms that were missed?

18            MR. GIAMPILIS:  No, your Honor.

19            THE COURT:  OK.  I think Mr. Aronauer put it on the

20   record, but I just wanted to confirm that the parties agree

21   that the case will be dismissed with prejudice and without

22   costs, subject to the retainer of jurisdiction language that

23   Mr. Aronauer just put on the record?

24            MR. ARONAUER:  That's correct, your Honor.

25            THE COURT:  Mr. Giampilis?

JC4HCARC

1       MR. GIAMPILIS:  Yes, your Honor.
2       THE COURT:  All right.  Mr. Aronauer, subject to
3  Mr. Carrasco's consent that I will ask for next, do you agree
4  to the terms of the settlement?
5       MR. ARONAUER:  Yes, your Honor.
6       THE COURT:  Mr. Carrasco, have you had the terms of
7  the settlement explained to you by your counsel and translated
8  for you by Ms. Filgate?
9       MR. CARRASCO:  Yes.
10      THE COURT:  Do you understand all the terms of the
11 settlement?
12      MR. CARRASCO:  Yes.
13      THE COURT:  Do you understand that you're getting
14 certain sums of money and other benefits, but that you are
15 giving up your lawsuit against the defendants?
16      MR. CARRASCO:  Yes.
17      THE COURT:  And that while the total amount of the
18 settlement is $48,000, you will be getting a total of -- this
19 is where I need my calculator.  Do you have a total amount?
20      MR. ARONAUER:  Just one second.  Permission to
21 approach, your Honor?
22      THE COURT:  Sure.
23      MR. ARONAUER:  I'll do it in front of you.
24      THE COURT:  No, if you want to give me the total
25 number, and we can just put it on the record, that's fine too.

JC4HCARC

1           MR. ARONAUER:  Minus 500.

2           THE COURT:  That's why I wasn't doing -- wait.  What's
3    the number?

4           You know what, Mr. Aronauer, why don't you -- can you
5    just put on the record the total amount that Mr. Carrasco would
6    be getting and then the total amount that your firm would be
7    getting that includes both attorney's fees and costs.

8           MR. ARONAUER:  Sure.

9           THE COURT:  Thank you.

10          MR. ARONAUER:  Mr. Carrasco will be receiving $31,825.

11          I'm sorry.  Can you just repeat that?  I accidentally
12   just deleted it.  I'm sorry.

13          THE COURT:  Ms. Robles.

14          MR. ARONAUER:  My firm will be receiving $16,175.

15          THE COURT:  OK.

16          MR. ARONAUER:   Inclusive of expenses.

17          THE COURT:  That includes the costs, right?  Just to
18   recap, Mr. Carrasco, while the total amount of the settlement
19   is $48,000, you will be getting a total of $31,825, and
20   Mr. Aronauer's firm would be getting a total of 16,175, and
21   that is a total that includes the costs.  Do you understand
22   that?

23          MR. CARRASCO:  Yes.

24          THE COURT:  Do you agree to all of the terms of the
25   settlement as you heard your counsel and Mr. Giampilis describe

JC4HCARC

1  to the court reporter?
2          MR. CARRASCO:  Yes.
3          THE COURT:  Thank you, Mr. Carrasco.
4          MR. CARRASCO:  You're welcome.
5          THE COURT:  Now it's the defendant's turn.
6          Mr. Giampilis, as counsel of record for the defendants
7  and subject to their consent, do you agree to the terms of the
8  settlement?
9          MR. GIAMPILIS:  I do, your Honor.
10         THE COURT:  Mr. Kalogerakos, are you authorized by
11 Acropol Restaurant Corporation to enter into the terms of the
12 settlement?
13         MR. KALOGERAKOS:  Yes.
14         THE COURT:  Do you agree to the terms of the
15 settlement?
16         MR. KALOGERAKOS:  Yes.
17         THE COURT:  Just to be clear, Mr. Kalogerakos, you're
18 authorized on behalf of Acropol Restaurant and yourself, is
19 that right?
20         MR. KALOGERAKOS:  Yes.
21         THE COURT:  OK.  Then for Mr. Sarantopoulos, it's your
22 turn now.  Do you agree to the terms of the settlement?
23         MR. SARANTOPOULOS:  Yes.
24         THE COURT:  OK.  Then as the lawyers know -- thank
25 you, Mr. Sarantopoulos and Mr. Kalogerakos.

JC4HCARC

1       As the lawyers know, the Second Circuit decision in
2  *Cheeks v. Freeport Pancake House* requires that before dismissal
3  with prejudice of a case brought under the Fair Labor Standards
4  Act, the Court must determine the settlement is fair.
5       (Discussion held off the record)
6       MR. ARONAUER:  Your Honor, could I just have a
7  one-minute recess with defense counsel?
8       THE COURT:  OK.
9       MR. ARONAUER:  I apologize.
10      THE COURT:  Sure.  No problem.
11      MR. ARONAUER:  I'm sorry.
12      (Counsel confer)
13      MR. ARONAUER:  I'm sorry, your Honor.
14      THE COURT:  No problem.
15      MR. ARONAUER:  Your Honor, there's going to be a
16 slight addition to the settlement agreement.
17      THE COURT:  OK.
18      MR. ARONAUER:  Defendants graciously agree also that
19 they will not discuss my client on social media as well.
20      MR. GIAMPILIS:  And defendants agree to that.
21      THE COURT:  All right.  Mr. Kalogerakos and
22 Mr. Sarantopoulos, do you agree to that additional term as
23 well?
24      MR. KALOGERAKOS:  Yes.
25      MR. SARANTOPOULOS:  Yes.

1        THE COURT:  Thank you.

2        All right.  Going back to the *Cheeks* approval, the
3   Court has to determine that the settlement is fair to the
4   plaintiff.  I have learned a lot about the facts from the
5   lawyers and the parties in connection with the time we've spent
6   this morning on the settlement conference which has been going
7   on about three hours -- two hours now, two and a half hours,
8   but let's make a record.

9        Mr. Aronauer, can you explain why, in your view, the
10  settlement is fair to Mr. Carrasco.

11       MR. ARONAUER:  Your Honor, I would say there were two
12  main factors.  Starting with the most important factor, first,
13  defendants' counsel provided many examples of financial issues
14  that defendants both individually, as well as the corporation,
15  appear to be having.  And there were concerns about the
16  solvency and moving forward, and we did not want to end up with
17  an empty judgment.  Second, there were, admittedly, legitimate
18  disagreements about the length of time my client worked and
19  what he was paid and the hours that he worked.  While I drink
20  the Kool-Aid and I believe my client, I certainly recognize
21  there's another side to the story, and by settling the case, we
22  alleviate that risk.

23       THE COURT:  OK.  Mr. Giampilis, is there anything else
24  that you would like to add?

25       MR. GIAMPILIS:  Your Honor, we agree with

JC4HCARC

1   plaintiff's description, interpretation of the proceedings.  To
2   date, my clients are in financial straits individually and the
3   corporation as well.  Additionally, we did have disagreements
4   regarding duration, payment, hours worked.  Under the
5   circumstances and the risks with continuing to trial, we
6   believe that settlement at this time is fair.
7            THE COURT:  The parties had already consented to my
8   jurisdiction under 28 United States Code, Section 636(c).  For
9   all the reasons stated by counsel and the significant factual
10  disputes as identified by counsel just now, as well as based on
11  the information that is not on the record that was discussed
12  during the settlement conference, I do find that the settlement
13  is fair and reasonable to Mr. Carrasco under the Second Circuit
14  line of cases beginning with *Cheeks v. Freeport Pancake House*,
15  and therefore, the settlement is approved.
16           I direct counsel for plaintiff and defendants to
17  purchase the transcript from the court reporter and to split
18  the cost.  It is necessary for the transcript to be ordered so
19  it is of public record as required to satisfy *Cheeks* and the
20  Second Circuit public record requirements.
21           With that, thank you all.  Thank you all for coming.
22  Good luck to you all, Mr. Carrasco, Mr. Kalogerakos, and
23  Mr. Sarantopoulos.
24           We're adjourned.  Happy holidays.
25           (Adjourned)